BYE, Circuit Judge,
concurring in the result.
I agree we should affirm the district court’s decision prohibiting Cooney from presenting a justification defense. I write separately because I do not agree entirely *508 with the reasons the court gives for affirming.
The court concludes one of Cooney’s reasonable, legal alternatives to using a firearm to break up his brother’s fight was to call the police. Under the circumstances involved in this case, I disagree calling the police was a reasonable alternative. I do not understand how calling the police would have solved the imminent problem facing Cooney when he exited the duplex, the sight of Avance having close access to weapons (the bricks) that could have caused his brother serious injury or death. Neither the government nor our court explains how calling the police under those circumstances would have removed the immediate threat of serious injury facing Cooney’s brother.
I do believe, however, Cooney had other reasonable, legal alternatives to protect his brother other than to possess and discharge a firearm. One alternative was simply to remove the bricks from Avance’s reach by picking them up or kicking them out of reach. Another reasonable alternative was to use a weapon other than a firearm to attempt to break up the fight between the two men, such as a knife. For example, in United States v. El-Alamin, 574 F.3d 915 (8th Cir.2009), we affirmed a district court’s rejection of a justification defense where the defendant entered his home and grabbed a knife because he feared an intruder was inside, but then swapped the knife for a firearm. In relevant part, we said the defendant could have chosen not to upgrade his weapon from a knife to a gun. Id. at 926. Similarly, in this case, Cooney could have first tried to break up the fight between his brother and Avance with a weapon other than a gun.
I concur in the result.